## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. LARRY MOBLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14- 957–D |
| | ) | |
| 1. SSM HEALTH CARE | ) | |
| OF OKLAHOMA, INC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| 2. SAINTS MEDICAL GROUP, LLC., | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

## PARTIES

1.  The Plaintiff is Larry Mobly, an adult resident of Oklahoma County, Oklahoma.

2.  The Defendants are SSM Health Care of Oklahoma, Inc. ("Defendant SSM") and Saints Medical Group, LLC ("Defendant Saints"), both companies doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.  Plaintiff's claim are for age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and Oklahoma Anti-Discrimination Act (OADA); for disability discrimination, including failure to accommodate, and retaliation (including termination) for requesting reasonable accommodations and complaining of disability discrimination, in violation of the Americans with Disabilities Act as set forth in 42 U.S.C. § 12111, *et seq*. Jurisdiction over the federal claims are vested in this Court under 42 U.S.C. §2000e-5(f)(1); 42 U.S.C. § 12117(a); 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction are vested over those claims under 28 U.S.C. § 1367(a).

4.  Most of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendants may be served in that county. Oklahoma County is within the Western

District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.   Defendants jointly and separately employed more than fifteen employees during at least twenty (20) weeks of the current or proceeding calendar year . Accordingly, the Defendants are both covered employers under the ADA. There is no minimum employee requirement to be a covered employer under the OADA.

6.   Plaintiff's W-2 forms identify his employer as Defendant SSM. Plaintiff entered into a written employment agreement with the Defendants and the entity identified as his employer on the contract is Defendant Saints. Both defendants controlled the terms and conditions of the Plaintiff's employment and co-determined the essential elements of Plaintiff's employment. The Defendants constitute either a single employer for purposes of liability or a joint employer and, thus, are either jointly or severally liable for the claims asserted by the Plaintiff.

7.   Plaintiff began employment with the Respondent as a physician in around July 1996.

8.   Plaintiff performed his job satisfactorily and had never been disciplined or told that his work performance was less than satisfactory.

9.   Plaintiff suffers from hypertension which, without the ameliorative effects of remedial measures substantially affects one or major life activities/bodily functions including that the function of Plaintiff's circulatory system would be significantly impaired as compared to the average person.

10.   Plaintiff also suffers from Lumbar Spinal Stenosis, a condition which, without the ameliorative effects of remedial measures, would significantly impair one or more of Plaintiff's major life activities including, but not necessarily limited to:

   A.   Plaintiff would be significantly impaired in his ability to walk;

   B.   Plaintiff would be significantly impaired in his ability to sleep, being unable

to sleep for more than an hour or two without waking.

11.   Around April 22, 2013 the Plaintiff took off work on medical leave caused by his hypertension and continued off work for this reason, and to undergo surgery on his back for treatment of his Lumbar Spinal Stenosis.

12.   Plaintiff was approved for such leave and continued as an employee of the Defendants.

13.   Around December 20, 2013, Plaintiff requested to return to work with the reasonable accommodations of working about twenty hours per week with the possibility of increasing his hours.

14.   The Defendant refused to allow Plaintiff to return to work with these accommodations and refused to engage in the interactive process to determine if other accommodations could be made upon Plaintiff's return to work.

15.   Instead, Plaintiff was told by Steve Powell (Vice President) that Plaintiff must remain off work until the Executive Board met and such meeting was to occur around January 15, 2014.

16.   During this period Defendants attempted to pressure the Plaintiff into retiring. Around the same time period Mr. Powell told Plaintiff he could not return to work, Paul Wright (Chief Medical Officer) told Plaintiff that "at this point" in his life he should "seriously consider how much longer" he wanted to continue practicing medicine.  Such comments indicate that Defendant perceived Plaintiff as being disabled and/or too old to continue working.

17.   After the Executive Committee meeting Plaintiff was told that he was no longer allowed to return to work, even on a part time basis, nor did Defendant engage in an interactive process or otherwise attempt to accommodate the Plaintiff.  Plaintiff was thus terminated from his employment.

18.   Plaintiff was replaced by a person who had at least thirty years less experience than

the Plaintiff and who was in her late twenties or early thirties.

19.    As a direct result of the Defendants' conduct, the Plaintiff has suffered (and continues to suffer) lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress symptoms including worry, frustration, sadness and similar unpleasant emotions.

20.    At the least Defendants' conduct was motivated by his age and/or disability (including Defendants' perception that Plaintiff had a disability) and/or his requests for reasonable accommodation.

21.    Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination against each defendant around April 7, 2014. The EEOC issued Plaintiff his right to sue letters on July 29, 2014 and Plaintiff received such letters thereafter.  This complaint is timely filed within 90 days of Plaintiff's receipt of his right to sue letters.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

22.    Discrimination on the basis of a disability or perceived disability, and retaliation for Plaintiffs' requests for accommodation is contrary to the ADA and the OADA.

23.    Refusal to offer an available reasonable accommodation such as time off work for treatment of Plaintiff's medical condition is a *per se* violation of the ADA.

24.    Under this Count, Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

25.    Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under the federal claim.  Plaintiff is

entitled to liquidated damages under the state law claim.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

26.    Discrimination on the basis of age is contrary to the ADEA and the OADA.

27.    Under this Count, Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), liquidated damages, attorney fees and costs.

28.    Because the actions of the Defendant County were willful as defined by the ADEA, Plaintiff is entitled to liquidated damages in an amount equal to his wage and benefit loss through the time of trial.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 8th DAY OF SEPTEMBER, 2014.**

HAMMONS, GOWENS & HURST

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS & hurst
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Amberh@hammonslaw.com
        Mark@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED